IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES MCCARTHY,<br><br>   Plaintiff,<br><br>v.<br><br>GOLDBERG'S FOODS, INC.,<br><br>   Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff JAMES MCCARTHY brings this Complaint for damages and other relief against Defendant GOLDBERG'S FOODS, INC., and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for race discrimination under 42 U.S.C. Section 1981 ("Section 1981").

### PARTIES

2. Plaintiff, James McCarthy ("Plaintiff" or "McCarthy"), is a citizen of Georgia and resides in Atlanta, Georgia.

3. Defendant, Goldberg's Foods, Inc. ("Defendant" or "Goldberg's"), is a Georgia company, registered with the Georgia Secretary of State.

1

4. Goldberg's principal office is located at 1700 Enterprise Way, Suite 100, Marietta, Georgia 30067.

5. Goldberg's may be served with process by delivering copies of the Summons and this Complaint to Goldberg's registered agent, Wayne Saxe, located at 1700 Enterprise Way, Suite 100, Marietta, Georgia 30067.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction over McCarthy's claims for violation of Section 1981 because his claims raise questions of federal law.

7. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), NDGa., venue is proper because a substantial part of the events or omissions giving rise to McCarthy's claim occurred within the Atlanta Division of the Northern District of Georgia.

8. The Court has personal jurisdiction over Goldberg's because Goldberg's is registered to and conducts business in Georgia.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIM FOR DISCRIMINATION IN VIOLATION OF SECTION 1981**

9. Goldberg's is a covered entity under Section 1981.

10. McCarthy is a Caucasian male.

11. McCarthy began working for Goldberg's on December 24, 2018.

12. Throughout his tenure, McCarthy was employed by Goldberg's within the meaning of Section 1981.

13. McCarthy worked for Goldberg's as a general manager at its now defunct Braves Allstar Grill, located at 200 Peachtree Street, Atlanta, Georgia 30303 ("Peachtree Braves Allstar Grill").

14. McCarthy has worked in the restaurant industry for over twenty (20) years.

15. While employed by Goldberg's, McCarthy excelled in his managerial duties, meeting or exceeding his expected deliverable.

16. For example, during the first two yearly quarters as a manager for Goldberg's, McCarthy increased store sales over his expected target.

17. In late September of 2019, McCarthy applied for a promotion with Goldberg's.

18. He applied to a position at the Braves Allstar Grill located at Atlanta Hartsfield-Jackson International Airport ("Airport Position").

19. The Airport Position would have resulted in a pay increase for McCarthy.

20. McCarthy was denied the Airport Position.

21. Goldberg's hired Ben Price "Price") for the Airport Position.

22. Goldberg's hired Price for the Airport Position instead of McCarthy.

23. Ben Price is an African-American male.

24. McCarthy was qualified for the Airport Position.

25. McCarthy was more qualified for the Airport Position than Price.

26. McCarthy had more restaurant experience than Price.

27. McCarthy had been working for Goldberg's for longer than Price.

28. Approximately two weeks after being denied this promotion, McCarthy was at Goldberg's cooperate office for a meeting with William Van Staden ("Van Staden").

29. Van Staden was a Senior Vice President at Goldberg's.

30. As Senior Vice President, Van Staden was McCarthy's supervisor.

31. While McCarthy and Van Staden were having coffee in breakroom after the meeting, McCarthy asked Van Staden why he had been passed over for the Airport Position.

32. Van Staden told McCarthy that McCarthy was not given the Airport Position because of McCarthy's race.

33. Van Staden is Caucasian.

34. Van Staden pointed to his own arm and told McCarthy that McCarthy did not have the right skin color for the Airport Position.

35. Van Staden then told McCarthy that Goldberg's was only hiring minorities at the Braves Allstar Grill Hartsfield-Jackson store.

36. After this conversation with Van Staden, Goldberg's sent Price to the Peachtree Braves Allstar Grill so McCarthy could train Price on how to be a general manager.

37. Goldberg's directed McCarthy to train Price.

38. McCarthy did train Price.

39. McCarthy had to train Price in order for Price to be able properly perform in the Airport Position.

40. Without McCarthy's training, Price would not have been able to successfully perform all of the job duties at required by the Airport Position.

41. Goldberg's hired Price instead of McCarthy because Price is African-American and McCarthy is Caucasian.

42. By denying McCarthy for the Airport Position, Goldberg's violated McCarthy's rights under Section 1981.

43. On October 14, 2019, Goldberg's terminated McCarthy.

44. After firing McCarthy, Goldberg's placed Arriva Cox ("Cox") in McCarthy's prior position of general manager of the Peachtree Braves Allstar Grill.

45. Cox is an African-American female.

46. Cox was originally hired by Goldberg's as a bar manager, as she lacked the necessary experience to serve in the role of general manager.

47. In promoting Cox to general manager, Goldberg's passed over Rekekah Marshal ("Marshall"), who was the assistant general manager at the time.

48. Marshal is a Caucasian female.

49. Marshal was qualified for the position of general manager.

50. Approximately two or three weeks after Goldberg's terminated McCarthy, Hussan Hines reached out to him.

51. Hines worked with McCarthy at the Peachtree Braves Allstar Grill.

52. During this conversation, Hines informed McCarthy that Goldberg's was only hiring African-American mangers for the Peachtree Braves Allstar Grill, as well as other restaurants owned and operated by Goldberg's where the clientele are predominately people of color.

53. Hines told McCarthy that Goldberg's placed Cox in the general manager position because she, "fit the surroundings better," i.e., Goldberg's wanted an African-American manager to run the Peachtree Braves Allstar Grill.

54. Goldberg's fired McCarthy because he is Caucasian, and Goldberg's wanted to have an African-American manager at the Braves Allstar Grill on Peachtree Street.

55. By firing McCarthy because of his race, Goldberg's violated McCarthy's rights under Section 1981.

56. Goldberg's actions in denying McCarthy a promotion and in terminating him constitute unlawful discrimination in violation of Section 1981.

57. Goldberg's intentionally, willfully, and viciously violated McCarthy's rights.

58. As a result of Goldberg's unlawful discrimination, McCarthy has suffered harm, including emotional distress, anguish, and monetary damages.

**COUNT 1: DISCRIMINATION IN VIOLATION OF SECTION 1981**

59. Defendant was Plaintiff's employer as defined under Section 1981.

60. Plaintiff is a member of a protected class.

61. Plaintiff was objectively qualified for the Airport Position.

62. Defendant did not promote Plaintiff due to Plaintiff's race.

63. Defendant discriminated against Plaintiff because of his race when it denied him the Airport Position.

64. Plaintiff was objectively qualified for the position of general manager at the Peachtree Braves Allstar Grill.

65. Defendant terminated Plaintiff due to Plaintiff's race.

66. Defendant discriminated against Plaintiff because of his race when it terminated him from his position of general manager.

67. As a result of Defendant's unlawful discrimination, Plaintiff has suffered mental and emotional distress, as well as lost wages and the benefits of employment.

68. Defendant is liable for all damages resulting from its acts of discrimination against Plaintiff.

69. In failing to promote Plaintiff and in terminating him, Defendant acted intentionally, in a willful and malicious fashion, with disregard to Plaintiff's protected rights.

70. Defendant is liable to Plaintiff for punitive damages because of its intentional, willful, and malicious acts against Plaintiff.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests:

(a) Judgment be entered against Defendant that Defendant violated Section 1981;

(b) Judgment be entered against Defendant that its violations of Section 1981 were intentional, willful, and malicious;

(c) Judgment entered in Plaintiff's favor for monetary relief, including:

   i)  Back Pay

   ii)  Front Pay

   iii)  Compensatory damages

   iv)  Punitive damages

   v)  Attorneys' fees and the costs and expenses of this litigation;

   vi)  Prejudgment interest; and

(d) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial.

Respectfully submitted, September 21, 2021

|  |  |
|---|---|
| POOLE HUFFMAN LLC<br>3562 Habersham at Northlake<br>Building J, Suite 200<br>Tucker, Ga 30084<br>Phone: (404) 373-4008<br>Facsimile: (888) 709-5723<br>billy@poolehuffman.com | s/ William S. Cleveland<br>William S. Cleveland, Esq.<br>Georgia Bar No. 721593 |